## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 22-01557-CJC (DFM)                                   Date: September 14, 2022

Title: JESUS GARCIA V. NIKIFOROS VALASKANTJIS ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                   None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE AS TO WHY THIS COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S UNRUH ACT CLAIM AND RELATED STATE LAW CLAIMS**

On August 22, 2022, Plaintiff Jesus Garcia filed this action against Defendants, alleging violations of the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), California's Disabled Persons Act, California's Unfair Competition Act, and a negligence claim. (Dkt. 1 [Complaint, hereinafter "Compl."].) Plaintiff seeks injunctive relief under the ADA and statutory damages under the Unruh Act. (*Id.*) Plaintiff contends that this Court has jurisdiction over his ADA claim based on the existence of a federal question and jurisdiction over his state law claims based on supplemental jurisdiction. (*Id.*)

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 22-01557-CJC (DFM)          Date: September 14, 2022
Page 2

---

      A number of federal district courts across California have declined to exercise supplemental jurisdiction over Unruh Act claims brought alongside ADA claims, citing 28 U.S.C. §§ 1367(c)(2) & (c)(4). *See, e.g.*, *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1030–31 (S.D. Cal. 2017) (declining to exercise supplemental jurisdiction because (1) "Plaintiff's state law claim under the Unruh Act substantially predominates over his federal claim" and, (2) because "it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements."). And the Ninth Circuit has found "exceptional circumstances" within the meaning of 28 U.S.C. § 1367(c)(4) when a plaintiff would be allowed to circumvent and render ineffectual California's "procedural requirements aimed at limiting suits by high-frequency litigants" by filing an Unruh Act claim in federal court and invoking the court's supplemental jurisdiction. *Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021). The Court therefore orders Plaintiff to show cause as to why it should not decline to exercise supplemental jurisdiction over his Unruh Act claim based on the Ninth Circuit's reasoning in *Arroyo*.

      Plaintiff shall file a response to this Order to Show Cause by **September 21, 2022**. In his response, Plaintiff shall identify the amount of statutory damages he seeks to recover. Plaintiff and his counsel shall also include declarations in their responses which provide all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code §§ 425.55(b)(1) & (2). Failure to respond to this Order may result in the Court declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and his other related state law claims.

qr
MINUTES FORM 11
CIVIL-GEN                                              Initials of Deputy Clerk RRP